IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

RUBY E. GUTHRIE, )
)
      Plaintiff, )
)
v. ) No. CIV-13-1308-C
)
AMERICAN FIDELITY ASSURANCE ) Age/race/gender claims
COMPANY ) ARISING IN OKLA CNTY
) Jury Trial Demanded
      Defendant. ) Attorney Lien Claimed

## COMPLAINT

**COMES NOW THE PLAINTIFF** and alleges that:

### PARTIES

1. The Plaintiff is Rubie E. Guthrie, an adult female with a disability over forty (40) years of age residing in Cleveland County, Oklahoma.

2. The Defendant is American Fidelity Assurance Company is a business entity doing business in Oklahoma County, Oklahoma.

### JURISDICTION AND VENUE

3. This is a cause of action for discrimination based on discrimination due to gender, disability, age, retaliation and FMLA rights as prohibited by federal and state laws including 42 U.S.C. § 2000e-5(f), 29 U.S.C. § 2617(a)(2), 29 U.S.C. § 626(c) and 25 O.S. §§ 1101, et seq. Jurisdiction is proper in this Court under 42 U.S.C. § 2000e-5(f), 28 U.S.C. §1331 and 28 U.S.C. §1367(a).

4. All the actions herein occurred in Oklahoma County and the Defendant may be served in Oklahoma. Oklahoma County is located in the Western District for the United States District Courts for Oklahoma such that venue is proper in this Court under 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f).

### STATEMENT OF FACTS

5. Plaintiff is an adult female over age forty who worked for American Fidelity

1

Assurance Co from August 2010, until her termination on or about April 16, 2013. At the time of Plaintiff's termination Plaintiff was a support center analyst. At all times Plaintiff maintained and possessed the qualifications required for her position.

6. The Defendant has employed more than twenty (20) employees in more than twenty (20) weeks of calendar years 2012 and 2013 and is a covered employer under the ADEA and Title VII.

7. Defendant has more than fifty (50) employees at the work site where the Plaintiff was employed at the time of her termination and is an employer covered by the FMLA.

8. The Plaintiff has worked for the Defendant for more than one year prior to her termination and worked more than 1250 hours during the twelve months prior to her termination. During the twelve months prior to her termination the Plaintiff has not used twelve (12) weeks of FMLA leave and was an employee covered by the FMLA and entitled to take leave at the time of her termination.

9. Starting in 2012 Plaintiff had a new supervisor Jonathan Hinkle (Caucasian) who began discriminating against Plaintiff based on Plaintiff's disability (an anxiety disorder) and her need for ADA and FMLA leave.

10. Plaintiff's disability significantly impaired Plaintiff's ability to interact and communicate with others and required prescription medication. As a result of such impairment, Plaintiff was disabled under all three prongs of the ADA as amended and such condition was a serious, chronic medical condition under the FMLA in that it recurred.

11. Plaintiff was put on intermittent FMLA leave but was told by Mr. Hinkle and Ms. Kimberly Brecheen that Plaintiff would have to go back to her doctor and have her FMLA leave statement reduced to two days of leave per month or

Plaintiff would be fired. Plaintiff was told that any other leave, although caused by Plaintiff's anxiety disorder would have to be taken as personal leave and would not receive FMLA protection.

12. Within a short time (less than one month to Plaintiff's recollection), Plaintiff was written up for taking personal time which Plaintiff advised her supervisor was due to her anxiety disorder. Plaintiff was again told that she could not take more than two personal days per month for any reason (including her disability) and Plaintiff was written up when being told this. At this point Plaintiff had not exceeded the number of personal days allowed by policy and the policy does not, to Plaintiff's recollection, limit employees to two personal days a month.

13. Plaintiff requested the accommodation of being allowed to work from home–something Plaintiff had been allowed to due prior to asking for FMLA leave-- which was granted to many non-disabled employees and which would have relieved Plaintiff's anxiety disorder, but Plaintiff was denied this request.

14. During Plaintiff's employment there have been comments by management about needing to get younger management and a younger workforce. Plaintiff saw a pattern of older employees and African-Americans being fired or forced out.

15. Plaintiff also asserts that a factor in her termination was association with Mr. Lupton, Mr. Tripp and Mr. Crabbe and retaliation for Plaintiff's statements in the work place made, to Plaintiff's recollection, within thirty (30) days or less of her termination, that Plaintiff felt those persons had been wrongfully terminated.

16. On or about April 16, 2013, Plaintiff was terminated and told that the reason was attendance although Plaintiff's supervisor knew that Plaintiff's absences

were due to Plaintiff's disclosed disability and serious medical condition. Further, this reason is pretextual because Plaintiff had taken more than two personal days when Plaintiff had actually taken two half days and one whole day which did not exceed Plaintiff's instruction.

17. The real reasons for Plaintiff's termination was her age, her disability and need for leave protected by the ADA and FMLA and her association with Mr. Lupton (over age fifty), and Mr. Tripp and Crabbe (African-American) who had discrimination claims against the Defendant.

18. After Plaintiff's termination, Plaintiff's job continued to exist and was performed by younger persons who were not disabled, did not require leave under the FMLA and/or ADA, and who had not complained about the discriminatory treatment of Mr. Lupton, Tripp or Crabbe.

19. Plaintiff filed a charge of discrimination asserting discrimination based on disability, age and retaliation on or about April 30, 2013, which is within 180 days of the date of Plaintiff's termination. The EEOC issued a right to sue letter on or about November 27, 2013 which the Plaintiff received them thereafter. Plaintiff's lawsuit is timely filed within ninety (90) days of the issuance of the right to sue letters. By such actions, Plaintiff has exhausted all administrative requisites to filing suit under the ADA, ADEA and the retaliation provisions of Title VII and the ADEA and state law. There is no exhaustion requirement under the FMLA.

## COUNT I

Plaintiff incorporates all prior allegations and further alleges as follows:

20. Retaliation and preemptive retaliation for supporting an employee claiming age and discrimination is unlawful under the ADEA, Title VII, 42 U.S.C. §1981 and the OADA.

21. Plaintiff's known support of and affiliation with Mr. Lupton, Mr. Tipp and Mr. Crabbe was one determining factor in the decision to terminate her and thus a direct cause of the injuries above described.

22. Under the ADEA retaliation provisions and Title VII and 42 U.S.C. § 1981, Plaintiff is entitled to recover his wage loss and benefits past, present and future as well as emotional distress.

23. The damage limitations under the OADA constitute a special law such that the Plaintiff is, as a matter of state law, entitled to recover normal tort damages including earnings loss, past, present and future as well as compensation for the dignitary harms suffered including embarrassment, worry and distress among other unpleasant emotions.

24. Because the Defendant's actions were willful, intentional and/or malicious or reckless, Plaintiff is entitled to recover liquidated damages under the ADEA and punitive damages under state law.

## COUNT II

25. Plaintiff incorporates all prior allegations and further alleges as follows:

26. Disability discrimination is unlawful under ADA as amended and under the OADA.

27. Plaintiff's disability and requests and need for leave associated with such disability was one motivating factor in the decision to terminate her and particularly Plaintiff was expressly terminated for taking leave which was known to be the result of Plaintiff's disability. Thus, disability discrimination under the ADA was a direct cause of the injuries above described.

28. Under the ADA, requesting accommodations in the form of time off for recovery from the effects of the disability or the ability to work from home is a protected act such that denial of the accommodation is discrimination and

adverse actions for requesting the accommodation is prohibited retaliation.

28. Under Title VII and Sec. 1981 the Plaintiff is entitled to recover her wage loss and benefits past, present and future together with compensation for the dignitary harms suffered by Plaintiff and described above.

29. The damage limitations under the OADA constitute a special law in violation of Oklahoma's state constitutional limitations on special laws such that the damage cap must be declared invalid. The Plaintiff is, as a matter of state law, entitled to recover normal tort damages including earnings loss, past, present and future as well as compensation for the dignitary harms suffered including embarrassment, worry and distress among other unpleasant emotions.

30. Because the Defendant's actions were willful, intentional and/or malicious or reckless, Plaintiff is entitled to recover punitive damages under the ADA and state law.

## COUNT III

Plaintiff incorporates all prior allegations and further alleges as follows:

31. Denial of FMLA leave is interference with the FMLA's entitlement provisions. In this case Defendant both denied Plaintiff appropriate intermittent leave under FMLA but also was aware that she would continue to need such leave in the future such that her termination was also an interference with future FMLA leave rights.

32. Retaliation for taking leave protected by the FMLA is prohibited and Plaintiff was expressly terminated for having taken leave that was protected by the FMLA.

33. At the time of Plaintiff's termination, Plaintiff had not utilized twelve weeks of leave under the FMLA and her termination for taking leave protected by the FMLA was thus a violation of both the interference and the retaliation

6

provisions of the FMLA.

34. As the direct result of Plaintiff's termination, Plaintiff suffered the injuries about described.

35. Under the FMLA Plaintiff is entitled to recover her wage and benefit loss, past, present and future together prejudgment interest on such losses.

36. Because such actions were willful, Plaintiff is entitled to have her damages under the FMLA doubled.

### PRAYER

**WHEREFORE**, Plaintiff prays that she be awarded her actual, liquidated and/or punitive damages together with costs, pre- and postjudgment interest and attorney's fees and any other relief, legal and equitable, as may be appropriate.

Respectfully submitted this 12th day of December, 2013.

s/Mark Hammons
**HAMMONS, GOWENS, HURST AND ASSOCIATES**
**MARK HAMMONS OBA # 3784**
**325 DEAN A. McGEE**
**OKLAHOMA CITY, OK 73102**
**(405) 235-6100**
**FAX: (405) 235-6111**
**Email: Mark@hammonslaw.com**
**ATTORNEY LIEN CLAIMED**
**JURY TRIAL DEMANDED**

7